# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                   Respondent,<br><br>    v.<br><br>BOBBY JOE EZRA PLAIN,<br><br>                   Appellant. | No. 60281-4-II<br><br><br>UNPUBLISHED OPINION |

CHE, J. — Bobby Joe Ezra Plain appeals the denial of his postconviction CrR 8.3(c) motion.

In 2010, Plain entered an *Alford*[1] plea to second degree assault and first degree robbery with a firearm enhancement. He was sentenced in 2011 and did not appeal. In 2024, Division One granted Plain relief on a personal restraint petition (PRP) based on a double jeopardy violation. The court remanded the matter with instructions to vacate his second degree assault conviction and resentence him for first degree robbery.

Before his resentencing hearing, Plain filed a CrR 8.3(c) motion to dismiss, which the trial court denied. Then, Plain filed a CrR 7.8(b) motion. The trial court denied Plain's CrR 7.8(b) motion and resentenced him for first degree robbery.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

No. 60281-4-II

Plain argues the trial court erred by denying both his CrR 8.3(c) and 7.8(b) motions. But we hold that Plain did not properly appeal his CrR 7.8(b) motion. Accordingly, we do not consider that issue on appeal. Further, we hold that Plain's CrR 8.3(c) motion was a collateral attack, governed by the procedural requirements of CrR 7.8(c). And although the trial court erred by retaining and ruling on the CrR 8.3(c) motion without making the findings necessary to do so, we exercise our discretion to convert the CrR 8.3(c) motion to a PRP on appeal and dismiss it as time barred.

FACTS

In November 2010, Plain entered an *Alford* plea to two charges: first degree robbery with a firearm enhancement and second degree assault. *In re Pers. Restraint of Plain*, No. 85661-8-I, slip op. at 2, (Wash. Ct. App. Jan 16, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/856618.pdf.[2] Plain allowed the trial court to review the affidavit of probable cause as a factual basis for his plea. *Id*. He stipulated to an offender score of 8, and the trial court sentenced him to 204 months confinement, which included a mandatory consecutive 60-month term for the firearm enhancement. *Id*. at 2-3; Clerk's Papers (CP) at 27, 41. Plain's judgment and sentence (2011 J&S) was filed on February 4, 2011.

In 2017, Plain filed a CrR 7.8 motion for relief from judgment. Because the CrR 7.8 motion appeared to be time-barred, the trial court transferred the petition to the court of appeals as a PRP. The PRP was stayed. *Plain*, slip op. at 3.

---

[2] This case comes to us as a direct appeal from resentencing. Resentencing was ordered pursuant to relief granted by Division One on a PRP. As a result, we adopt most of our background facts from that opinion.

In 2019, Plain filed a second PRP in the court of appeals.[3] We transferred it to the supreme court because it was a successive petition but raised a claim potentially exempt from the time bar. The second PRP raised two claims, one of which—double jeopardy—was potentially exempt from the time bar. But the second claim—"that [Plain's] plea was involuntary because the certificate of probable cause did not establish a sufficient factual basis"—was subject to the time bar. CP at 65. The supreme court dismissed the PRP as a mixed petition.

In 2021, we lifted the stay on Plain's 2017 PRP, and Plain filed supplemental briefing adding a double jeopardy claim. *Plain*, slip op. at 3. In 2022, the State moved to stay the PRP pending decisions in related cases. *Id*. The PRP was stayed, but several months later, "Plain moved to lift the stay and withdraw" all claims apart from his double jeopardy claim. *Id*. We granted both motions and transferred the PRP to Division One. *Id.*

Division One held that Plain's PRP fell within an exception to the bar despite being filed more than one year after his judgment became final. *Id*. at 4-5. The court also held that Plain's PRP was not successive because his 2019 PRP, also raising double jeopardy, had been dismissed as a mixed petition. *Id*. at 5.

Division One granted relief, holding that Plain's convictions violated double jeopardy, and that the violation was actually and substantially prejudicial. *Id*. at 17. The court vacated Plain's second degree assault conviction and remanded for resentencing. *Id*. at 18. Resentencing was set for September 6, 2024.

---

[3] The 2019 petition is not included in the record on appeal, but it is described in the supreme court's ruling dismissing it.

On September 6, Plain filed a self-represented CrR 8.3(c) motion to dismiss based on insufficient evidence. Plain quoted portions of the court's opinion in *Plain* and appeared to argue that the court's reasoning in that opinion demonstrated that he did not knowingly enter his plea agreement. He further argued that the probable cause affidavit used to inform his plea contained double hearsay, constituting governmental misconduct. Finally, Plain contended the State and the trial court violated his rights by waiting until September to resentence him.

At the September 6 hearing, Plain was represented by counsel for only the resentencing.[4] The trial court asked Plain directly to explain the basis of his CrR 8.3(c) motion. Plain explained that in 2010, he had felt pressured to accept a plea deal by defense counsel. The following exchange occurred between the trial court and Plain:

> THE COURT: So I guess my question is what is it specifically that you're asking the Court to do? Are you asking for a motion to withdraw your plea or are you asking, as you wrote in the written statement, a motion for dismissal?
> MR. PLAIN: The dismissal of my charges.
> THE COURT: Okay.
> MR. PLAIN: And if I can't get the dismissal of my charges, I would like to withdraw the plea. I'm not—you know, I'm not an attorney, but I would like this off my record and go forward with my other case.

1 Rep. of Proc. (RP) (Sep. 6, 2024) at 7-8. The State argued the trial court should deny the motion because CrR 8.3(c) is a pre-trial motion, and the parties were post-plea.

The trial court denied the motion and issued a written order. It explained that it was too late to argue insufficient evidence under CrR 8.3(c), that the probable cause affidavit was based upon information provided by law enforcement, and there was no requirement to resentence

---

[4] Plain was in custody being held only on new charges. He had already served the total confinement portion for the potential sentence on the first degree assault with the firearm sentencing enhancement.

within a particular amount of time from Division One's opinion being filed since the mandate did not occur until months later and there were possible strategic reasons why the resentencing was delayed.

The trial court instructed that if Plain wished to file an additional motion, the court would be willing to set resentencing over to provide Plain with additional time.

The trial court set resentencing for November 1. It explained to Plain,

> Okay. Criminal Rule 4.2 talks about withdrawal of pleas, but it also says in that section that if the motion to withdraw is made after sentencing, then it's covered by 7.8, Criminal Rule 7.8. Even though this is back for resentencing, it is after the initial sentencing and some time that's passed. So you need to be aware of those two different court rules.

1 RP (Sep. 6, 2024) at 13-14.

On October 17, Plain filed a CrR 7.8(b) motion, again requesting that the trial court dismiss his convictions. Plain argued that he received ineffective assistance of counsel when he entered his plea based upon Rules of Professional Conduct, that he did so unknowingly, and that there had been insufficient evidence to warrant such a plea. Plain requested a show cause hearing under CrR 7.8(c).

At the resentencing hearing on November 1, the trial court began by explaining that there was no order yet for Plain to appeal under CrR 7.8. The court stated,

> My understanding when we were back together in September was that you were going to file—or you were wanting to file a motion to withdraw your plea of guilty, which is under a different court rule [CrR] 4.2(f). It says that if the motion is for withdrawal made after judgment, it shall be governed by [CrR] 7.8. But we're really in a situation where there isn't a judgment because that's been combined and we're here for sentencing.

2 RP (Nov. 1, 2024) at 22. The trial court further noted that Plain's CrR 7.8(b) motion quoted extensively from Division One's opinion in *Plain*. The court explained that although Division

One had held that Plain's convictions merged, it had not held there was insufficient evidence to uphold his first degree robbery conviction.

The trial court concluded,

> I don't find that there's a basis for the Court to grant the relief that you're asking for under [CrR] 7.8. What you've alleged to be your basis for that is, as I said earlier, directly from the Court of Appeals opinion which addresses a different issue, which was the merger issue, not the sufficiency of the evidence. And so language that they talked about that you quoted in your [CrR] 7.8 petition doesn't support your theory, and there's really no basis for the Court to grant the [CrR] 7.8 motion, which is why I didn't require the State to file a response.
>
> I also didn't send it to the Court of Appeals because there's not a final judgment for them to make any determination on.

2 RP (Nov. 1, 2024) at 24-25. The trial court did not issue a written order.

The trial court vacated Plain's second degree assault conviction and calculated Plain's new offender score. The trial court sentenced Plain to 157 months, with credit for 157 months already served, and filed a new judgment and sentence (2024 J&S).

Plain appeals. In his notice of appeal, Plain attached his 2024 J&S and a statement explaining that he seeks review "of the judgment of conviction and/or sentence rendered against him on the 1st day of November, 2024, and the Order Denying Motion to Dismiss filed September 6, 2024." Notice of Appeal at 1, 13 (Dec. 3, 2024). The State filed a motion for a stay requesting time to obtain a written order on Plain's CrR 7.8(b) motion. Mot. for Stay & to Permit Superior Ct. to Enter a Ruling in CrR 7.8 Matter at 1-2 (Oct. 7, 2025) (Mot. for Stay). The State explained that the trial court judge who denied Plain's motion had since retired, and the State hoped to obtain a written ruling from another judge in that department. Mot. for Stay at 5. We granted the stay. Ord. Granting Stay (Oct. 8, 2025). However, the trial court judge in the former judge's position refused to enter a written ruling. *See* Resp't's Mot. to Lift Stay (Oct.

22, 2025). Thus, we lifted the stay and this appeal proceeded. *See* Ord. Lifting Stay (Oct. 23, 2025).

## ANALYSIS

### I. SCOPE OF APPEAL

As a preliminary matter, the State argues we should not consider Plain's claim related to the denial of his CrR 7.8(b) motion because of alleged defects in his notice of appeal. We agree.

RAP 5.3(a) lists the required contents of a notice of appeal. Relevant here, an appellant's notice must "designate the decision or part of decision which the party wants reviewed." RAP 5.3(a). RAP 5.3(f) instructs us to "disregard defects in the form of a notice of appeal or a notice for discretionary review if the notice clearly reflects an intent by a party to seek review."

The State specifically contends we should not consider the denial of Plain's CrR 7.8(b) motion because Plain failed to designate the trial court's written order denying the motion in his notice pursuant to RAP 5.3(a) and because Plain has not properly obtained a written ruling on the motion for us to review. But under the particular facts of this case, Plain's inability to obtain a written ruling was due to the retirement of the presiding judge and the trial court's subsequent refusal to produce such a ruling in that judge's absence.

We may disregard this defect, as RAP 5.3(f) instructs, "if the notice clearly reflect[ed] an intent by [Plain] to seek review" of the trial court's denial of his CrR 7.8(b) motion. But Plain's notice of appeal makes no mention of the trial court's denial of his CrR 7.8(b) motion. His notice of appeal included his 2024 J&S and a statement indicating that he sought review of the 2024 J&S and the order denying his CrR 8.3(c) motion filed September 6, 2024. The notice of appeal does not identify, in any way, the trial court's ruling on Plain's CrR 7.8(b) motion. As a

result, we cannot disregard this defect, and we do not consider Plain's arguments on appeal pertaining to the denial of his CrR 7.8(b) motion.

## II. PLAIN'S CRR 8.3(C) MOTION

Plain argues the trial court erred by denying his CrR 8.3(c) motion. We conclude the motion sought postconviction relief through means other than direct appeal, making it a collateral attack. RCW 10.73.090(2). And a collateral attack filed in the superior court is subject to the procedural requirements of CrR 7.8(c). *See State v. Molnar*, 198 Wn.2d 500, 508-09, 497 P.3d 858 (2021).

> CrR 7.8(c)(2) *requires* a trial court to
>
> transfer a motion filed by a defendant to the Court of Appeals for consideration as a [PRP] unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing.

"If the superior court determines that the collateral attack is untimely, then the court must transfer it to the Court of Appeals without reaching the merits." *Molnar*, 198 Wn.2d at 509.

RCW 10.73.090(1) provides that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Because Plain did not appeal his 2011 J&S, his 2011 judgment became final on the date it was filed with the clerk of the trial court, February 4, 2011. *See* RCW 10.73.090(3)(a).

A superior court's decision on a CrR 7.8 motion is reviewed for an abuse of discretion. *State v. Nelson*, 32 Wn. App. 2d 679, 697, 558 P.3d 197 (2024), *aff'd sub nom.,* 5 Wn.3d 690

(2025). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons." *Id*.

Here, the trial court abused its discretion by retaining and ruling on Plain's motion because it did not make the findings necessary to do so under CrR 7.8(c)(2). But we have discretion to convert an improperly retained CrR 7.8 motion to a PRP in the interest of judicial economy. *See State v. Smith*, 144 Wn. App. 860, 863-64, 184 P.3d 666 (2008). We exercise our discretion to convert Plain's appeal to a PRP under these circumstances.

Considering Plain's motion as a PRP, we dismiss his petition as time barred. Plain's 2011 J&S became final on February 4, 2011. He filed the motion in the present case on September 6, 2024, more than one year after his judgment became final. And Plain does not argue that his petition falls within any enumerated exception to the general one-year time bar rule. *See* RCW 10.73.100 (listing exceptions). Thus, Plain's PRP is time barred, and we dismiss it.

Notwithstanding the above, Plain appears to argue the trial court should have considered his CrR 8.3(c) motion on its merits because Division One's opinion ordering resentencing vacated Plain's prior judgment as well as his sentence. He relies on *State v. McWhorter*, 2 Wn.3d 324, 535 P.3d 880 (2024) for support, but *McWhorter* is inapposite. *McWhorter* held that a superior court's resentencing order "effectively" vacated its prior judgment such that the decision was appealable by the State under RAP 2.2(b)(3)). *Id*. at 327-28. Nowhere in *McWhorter* did our supreme court hold that a resentencing order opens a prior judgment and sentence to defense motions for dismissal that are expressly limited to being filed prior to trial or collateral attacks that do not fall within any exceptions to the time bar, particularly where the

remand for resentencing was based on a PRP. *See also* CrR 8.3(c) ("The defendant may, *prior to trial*, move to dismiss a criminal charge due to insufficient evidence") (emphasis added). We find this argument unpersuasive.

## CONCLUSION

We hold that Plain did not properly appeal his CrR 7.8(b) motion. Accordingly, we do not consider that issue on appeal. Further, we hold that Plain's CrR 8.3(c) motion was a collateral attack, governed by the procedural requirements of CrR 7.8(c). And although the trial court erred by retaining and ruling on the CrR 8.3(c) motion without making the necessary findings to do so, we exercise our discretion to convert the CrR 8.3(c) motion to a PRP on appeal and dismiss it as time barred.

A majority of the panel, having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Glasgow, J.

Veljacic, C.J.